UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                              Civil Case No. 10-13068
                              Criminal Case No. 06-20015
                              HON. GEORGE CARAM STEEH

vs.


WAYLAND MULLINS,

_____/

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 AND DENYING A CERTIFICATE OF APPEALABILITY


I. INTRODUCTION

On December 15, 2006, a federal grand jury returned a superseding indictment charging defendant and another co-conspirator, Ricky Cotton, charging them with conspiracy against rights, in violation of 18 U.S.C. § 241 (count I); interference with housing rights, in violation of 42 U.S.C. § 3631(a) (count II); use of fire in the commission of a felony, in violation of 18 U.S.C. § 844(h)(1) (count III); and conspiracy to obstruct justice, in violation of 18 U.S.C. § 371 (count IV). Cotton pled guilty to Count I on April 12, 2007. Mullins was convicted, after a jury trial, on all four counts. On August 28, 2007, the court sentenced Mullins to serve a total of 207 months imprisonment followed by two years of supervised release, and ordered to pay a special assessment of $400.00 and restitution in the amount of $12,400.00. The Sixth Circuit Court of Appeals affirmed defendant's conviction and sentence on January 13, 2009. See United States v. Mullins, No. 07-2074,

slip. op. at 3 (6th Cir. 2009).

Presently before the court is defendant's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed on August 2, 2010. Defendant raises five separate claims of ineffective assistance of trial counsel and one claim of ineffective assistance of appellate counsel. For the reasons discussed below, the court denies defendant's motion to vacate, set aside or correct sentence.

## II. DISCUSSION

### A. Standard of Review

A defendant seeking relief under § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006) (citing Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003)). When raising claims alleging errors of constitutional magnitude, a defendant must show that the constitutional error had a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619 637-38 (1993); Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999).

### B. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are subject to the two-prong performance and prejudice test set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). See Hill v. Lockhart, 474 U.S. 52, 57 (1985). Under the performance prong, defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. (citing Strickland, 466 U.S. at 687-88). However, "the court should recognize that counsel is strongly presumed to have rendered adequate

assistance and made all significant decisions in the exercise of professional judgment." Strickland, 466 U.S. at 690. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Wiggins v. Smith, 539 U.S. 510 (2003). "[I]f the defendant does not demonstrate that his counsel's performance was deficient, [the court] do[es] not need to consider the issue of prejudice." Post v. Bradshaw, 621 F. 3d 406, 414 (6th Cir. 2010).

Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### i. Failure to Conduct Pretrial Investigation or Call Certain Witnesses

Defendant argues that his attorney failed to conduct any pre-trial investigation in preparation for trial. Specifically, he maintains that his counsel elected not to speak with or interview "known defense witnesses who could have undermined key government witnesses." See Def.'s § 2255 Mot. at 11.

"In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691. The decision of which witnesses to call and what evidence to present generally is reserved for counsel's discretion. See United States v. Foreman, 323 F. 3d 498, 504 (6th Cir. 2003); see also, Biglow v. Williams, 367 F. 3d 562, 570 (6th Cir. 2004) (quoting Strickland, 466 U.S. at 689)). While it is true that failure to call a particular witness can amount to ineffective

assistance of counsel, in such cases there has been a complete failure to investigate the witness or explain the reason for the failure to investigate, but also a demonstration that the witness whom counsel failed to call did, in fact, have favorable testimony to offer. See Clinkscale v. Carter, 375 F. 3d 430, 443 (6th Cir. 2006); Towns v. Smith, 395 F. 3d 251, 258-59 (6th Cir. 2005). Defendant does not meet this standard.

Defendant fails to identify the defense witnesses whom counsel failed to investigate and call, nor does defendant specifically identify what the testimony would have been had they been called to testify at trial. "Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for [§ 2255] relief." Daniel v. Palmer, 719 F. Supp. 2d 817, 829 (E.D. Mich. 2010). In any event, the record demonstrates that defendant's counsel called three defense witnesses at trial: Ann Marie Dixon (4/19 Tr. 35-38); Casie Church (4/19 Tr. 43-54); Mike Kososki (4/19 Tr. 74-76). The record also reveals that counsel not only interviewed these witnesses but called them to testify at trial. Defendant has failed to demonstrate that counsel's performance was deficient for failing to investigate or call witnesses.

### ii. Failure to Actively Pursue Plea Discussions

Defendant next argues that counsel was ineffective for failing to actively pursue plea discussions. He claims that had he known that he would face a seventeen year term of imprisonment, he would have urged his attorney to "attempt diligently to negotiate and reach an agreement for a far less term of imprisonment than ultimately imposed." See Def.'s § 2255 Mot. at 14.

The record shows that defendant maintained his innocence at all points before and throughout his trial. See 4/17 Tr. at 29, 4/19 Tr. at 6; Gov. Ex. A. This is especially clear

from review of a proffer letter from the United States Attorney for the Eastern District of Michigan dated March 14, 2007, which states in relevant part: "[Defendant] has indicated that as of today's date he has no intention of entering a guilty plea to any charge in this case, or to seek a plea agreement." See Gov. Ex. A. Defendant continued to maintain his innocence at sentencing. See 8/28 Tr. at 11, 21. Further, defendant understood the severity of the sentence he was facing if convicted of the charges contained in the superseding indictment because the acknowledgment of first superseding indictment form, signed by defendant, indicated that he would be sentenced to a mandatory ten year minimum sentence if convicted on count III alone.

Based on these facts, defendant has not demonstrated that there is a reasonable probability that he would have pled guilty. See Turns v. United States, 248 Fed. Appx. 708, 711 (6th Cir. 2007). However, even if defendant could establish that he would have accepted a plea agreement if offered, the alleged denial of an opportunity to plea bargain does not permit collateral relief. See Weatherford v. Bursey, 429 U.S. 545, 561 (1977) ("[t]here is no constitutional right to plea bargain.").

### iii. Ineffective Assistance Relating to Defendant's Meeting with the Government

Defendant argues that his attorney was ineffective for encouraging defendant to appear at a meeting with Government attorneys and investigators, and for not objecting to the admission of statements made by defendant at the meeting. Defendant maintains that his counsel should have moved for a Kastigar hearing requiring the government to establish an independent source for the information admitted at trial.

In Kastigar v. United States, 406 U.S. 441, 453 (1972), the Supreme Court held that the Government may compel testimony from an unwilling witness who invokes the Fifth

Amendment privilege against self incrimination by conferring immunity from the use of the compelled testimony or the evidence derived therefrom in subsequent criminal proceedings. However, "[o]nce a defendant demonstrates that he has testified, under a state grant of immunity, to matters related to the federal prosecution, the federal authorities have the burden of showing that their evidence is not tainted by establishing that they had an independent, legitimate source for the disputed evidence." Id. at 460.

Defendant's arguments are without merit. Defendant again does not identify the specific statements that should have been excluded or explain the prejudicial impact these statements had on the outcome of the trial. Conclusory allegations of ineffective assistance of counsel do not provide a basis for relief. Daniel, 719 F. Supp. 2d at 829. Further, the proffer letter signed by defendant shows that defendant acknowledged that the government would be able to use any statements made without regard to Kastigar. See Gov. Ex. A ("You both agree that you and he voluntarily and completely waive any claim that there are any restrictions, limitations, or privileges attached to any statement made by you or your client at this meeting.") Defendant has not demonstrated that counsel's performance was deficient nor that he was prejudiced by counsel's conduct.

### iv. Ineffective Assistance at Sentencing

Defendant argues that his attorney failed to meet with him to discuss the pre-sentence investigation report or explain the sentencing guidelines. He also claims that his counsel failed to file any pre-sentencing motions focusing on the sentencing disparity between defendant and his co-defendants. Defendant's arguments are belied by the record. At sentencing, defendant acknowledged that he went over the pre-sentence investigation report with his counsel. See 8/28 Tr. at 8.

Further, while "[a] sentencing court should strive 'to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct,' the objective is to eliminate unwarranted disparities nationwide." United States v. LaSalle, 948 F. 2d 215, 218 (6th Cir. 1991) (quoting 18 U.S.C. § 3553(a)(6)] is not to eliminate sentence disparities between defendants of the same case who have different criminal records; rather, the objective is to eliminate unwarranted disparities nationwide." Section 3553(a)(6) does not focus on perceived disparities between any two defendants, even if those defendants happen to be co-defendants implicated in the same criminal activity. Id. The Sixth Circuit has held that differences in the criminal histories and level of cooperation among co-defendants justifies sentencing disparities among co-defendants. See United States v. Conatser, 514 F. 3d 508, 522 (6th Cir. 2008) ("Disparities between the sentences of co-conspirators can exist for valid reasons, such as differences in criminal histories, the offenses of conviction, or one co-conspirator's decision to plead guilty and cooperate with the government."); see also, United States v. Phinazee, 515 F. 3d 511, 520 (6th Cir. 2008).

Additionally, the record demonstrates that counsel argued extensively at sentencing for a downward departure of defendant's sentence based on his sentence and the sentences of his co-conspirator Cotton, who accepted responsibility, pled guilty and agreed to let his testimony be used against defendant. See 8/28 Tr. at 9-15.

v. Failure to Object to Agent Smith's Testimony Concerning Cotton's Statements

Defendant argues that his attorney was "objectively unreasonable" during cross examination of Special Agent Matthew Smith, who testified during the government's case-in-chief. Specifically, Smith testified that defendant's co-conspirator, Cotton, told him that

he watched defendant set the fire and that Smith believed that Cotton lied several times, but the final version of events that Cotton told the government was the truth. Counsel further elicited testimony from Smith that Cotton made a deal with the government; specifically, Cotton pled guilty to certain charges in exchange for dismissal of other charges. Defendant is not entitled to relief on his claim. A review of the record demonstrates that counsel's questioning was deliberate trial strategy to attempt to undermine the credibility of Cotton. Thus, counsel's attempt to undermine the credibility of Cotton through cross examination of the case agent was not constitutionally deficient. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1187 (9th Cir. 1992).

### vi. Ineffective Assistance of Appellate Counsel

Defendant argues that his appellate counsel was ineffective for failing to raise the disparity in defendant's sentence as compared to co-defendant Cotton's sentence on direct appeal. Failure of appellate counsel to raise an issue can amount to ineffective assistance of counsel. See Joshua v. Dewitt, 341 F.3d 430, 441 (6th Cir. 2003). Defendant's claim is without merit. He must demonstrate that the sentence disparity claim was "clearly stronger" than the issues his attorney did raise on direct appeal. See Caver v. Straub, 349 F.3d 340, 348 (6th Cir. 2003). As discussed above, disparities between the sentences of co-conspirators can exist for valid reasons, including a co-conspirator's decision to plead guilty and cooperate with the government. See Conatser, 514 F. 3d at 522. Defendant is not entitled to relief on this claim.

### C. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules

Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir.1997).

For the reasons set forth above, the court finds that defendant has not shown that his sentence violated his constitutional rights. The court will not issue a certificate of appealability in this case.

## V. CONCLUSION

Accordingly,

Defendant's motion to vacate, set aside or correct sentence [#113] is DENIED.

Defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [Case No. 10-13068] is DISMISSED with prejudice. A certificate of appealability shall not issue.

Dated: May 29, 2012

                                            S/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 29, 2012, by electronic and/or ordinary mail and also to Wayland Mullins at FCI Loretto, P.O. Box 1000, Loretto, PA 15940-1000.
S/Josephine Chaffee
Deputy Clerk