UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                      Case No. 06-20015

WAYLAND MULLINS,               Hon. George Caram Steeh

    Defendant.
_____/

OPINION AND ORDER DENYING
DEFENDANT'S REQUEST FOR COUNSEL AND
COMPASSIONATE RELEASE (ECF NOS. 131, 133)

    The court has received a letter from Defendant Wayland Mullins, seeking the assistance of counsel to petition the court for compassionate release. Construing it as a motion, the court ordered a response from the government, which has been provided. For the reasons explained below, Defendant's request for the appointment of counsel and compassionate release is denied.

BACKGROUND FACTS

    After an African-American family moved into his family's neighborhood in Taylor, Michigan, Mullins began a campaign of terror to drive them out. He set fire to their home; when this was not enough, he drove his truck on their lawn to tear it up. Over a period of three years, his

associates vandalized the family's home and lawn with racial epithets. When the FBI began investigating, Mullins orchestrated a cover-up, coordinating stories among those in the neighborhood and falsely blaming another man for the fire.

After a jury trial, Mullins was convicted of conspiring to violate civil rights, interference in housing rights, use of fire in the commission of a felony, and conspiracy to obstruct justice. The court sentenced him to 207 months of imprisonment, a term Mullins began serving in 2007. He is currently housed at a minimum-security satellite camp at the Terre Haute Federal Correctional Institution. Mullins requested compassionate release from the warden at Terre Haute in May, but had not received a response at the time of the filing of his motion in July. His projected release date is January 7, 2022.

## LAW AND ANALYSIS

I.    Legal Standard

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. This section allows for judicial modification of an imposed term of imprisonment

when three criteria have been met: (1) the defendant has first exhausted all administrative remedies with the Bureau of Prisons or at least allowed the BOP 30 days to act on his request before seeking compassionate release on his own motion; (2) extraordinary and compelling reasons warrant such a reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the court has considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

An "extraordinary and compelling reason" for the reduction can be satisfied in cases where a defendant's medical conditions or overall state of health are such that they cannot be treated effectively or will worsen in a custodial environment.  To qualify, a defendant must have a medical condition, age-related issue, family circumstance, or other reason that satisfies the criteria in USSG § 1B1.13(1)(A) & cmt. n.1.  Medical conditions meeting the "extraordinary and compelling" standard include terminal illnesses or serious physical or cognitive impairments.  *Id.*  In addition, the defendant must "not [be] a danger to the safety of any other person or to the community."  USSG § 1B1.13(2).

Even if these criteria are met, the court may not grant a motion for compassionate release unless the factors set forth in § 3553 support a

-3-

sentence reduction. *See* 18 U.S.C. § 3553(a); *United States v. Kincaid*, 802 Fed. Appx. 187 (6th Cir. 2020) (affirming denial of compassionate release motion when district court found that § 3553 factors did not weigh in favor of sentence reduction). These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment, general and specific deterrence, and the protection of the public. 18 U.S.C. § 3553(a).

   II.   <u>Analysis</u>

Mullins made a request for compassionate release to the BOP and thirty days elapsed without a response. Accordingly, Mullins has exhausted his administrative remedies and the court may consider his motion. *See United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020) (holding exhaustion to be mandatory).

Mullins argues that extraordinary and compelling reasons justify compassionate release in light of the COVID-19 pandemic. He contends that his age (51) and health conditions make him more vulnerable to serious symptoms if he were to be infected. Mullins asserts that he has smoked for thirty years, has used inhalers to assist with breathing when he has a cold, and has a history of anxiety and allergies, for which he has received cortisone shots. The Centers for Disease Control and Prevention

advises that current and former smokers, those with moderate-to-severe asthma, and those who engaged in the "prolonged use of corticosteroids," "might be at increased risk for severe illness from COVID-19."[1] Mullins has not alleged that he suffers from moderate-to-severe asthma or has engaged in the "prolonged use" of corticosteroids. Of his conditions, only Mullins's status as a current or former smoker "might" increase his risk of severe illness from COVID-19. These health conditions do not meet the "extraordinary and compelling" standard.

The court appreciates Mullins's concerns about contracting COVID-19. However, a "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission." *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020); *accord United States v. Bridges*, No. 14-20007, 2020 WL 2553299, at *4 (E.D. Mich. May 20, 2020); *United States v. Alzand*, No. 18-20703, 2020 WL 2781824, at *3 (E.D. Mich. May 29, 2020); *United States v. Whitsell*, 2020 WL 3639590, at *4 (E.D. Mich. July 6, 2020) ("Other district courts have granted

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#immunocompromised-state.

compassionate release only upon a finding of numerous and severe medical conditions that place [inmates] at a significantly higher risk for severe illness from COVID-19.") *Cf. United States v. Mitchell,* 2020 WL 3972656, at *3 (E.D. Mich. July 14, 2020) (Type 2 diabetes and hypertension, in conjunction with COVID-19 pandemic, constituted extraordinary and compelling reasons). In addition, the court notes that the BOP has implemented numerous preventative measures, including increased physical distancing, illness screening, testing, and cleaning. *See* https://www.bop.gov/coronavirus/; *Wilson v. Williams*, 961 F.3d 829, 834 (6th Cir. 2020) (detailing BOP pandemic response).

Even if Mullins were to demonstrate eligibility for compassionate release, the § 3553(a) factors, including the seriousness of the offense, promoting respect for the law, providing just punishment, and deterrence, weigh against his request. Mullins's egregious offenses warranted the lengthy sentence he received, particularly in light of his failure to take responsibility and attempts to obstruct the investigation. Although he now expresses regret, the court finds that a reduction in sentence would not promote respect for the law or provide just punishment under the circumstances.

III.  Appointment of Counsel

Because Mullins has not articulated a colorable claim for compassionate release, the court will deny his request for the appointment of counsel. The appointment of counsel for postconviction proceedings is a matter of the court's discretion, not a constitutional right. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004) (court may appoint counsel for habeas petitioner "only where the interests of justice or due process so require"); *United States v. Prater*, 2020 WL 2616120, at *2 (E.D. Ky. May 22, 2020) ("There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582."). When a petitioner has not articulated a colorable claim, the appointment of counsel would not serve the interests of justice. *Lemeshko*, 325 F. Supp.2d at 788.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Defendant's request for the appointment of counsel and compassionate release is DENIED.

Dated:  September 10, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

-8-

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 10, 2020, by electronic and/or ordinary mail and also on Wayland K. Mullins #40190-039,  FCI Terre Haute Federal Correctional Institution, P.O. Box 33, Terre Haute, IN  47808.

s/Brianna Sauve
Deputy Clerk